IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marlin Elrico Coffy, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:23-cv-99-BHH |
| v. | ) | |
| | ) | |
| Sam Walton; Nicholas Poplawski; | ) | **ORDER** |
| and Michael Felix, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Marlin Elrico Coffy, Sr.'s ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 6, 2023, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action because (1) Defendants are not private individuals and not state actors for purposes of § 1983, and (2) regardless, the case meets all three criteria for abstention under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 6 at 4-8.) Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On March 6 and March 9, Plaintiff filed letters inquiring about the status of his case and indicating that he did not understand the term "state actor." (*See* ECF Nos. 9 and 11.) Plaintiff also filed objections to the Report on March 16, 2023. (ECF No. 12.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. In the absence of specific objections, however, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed Plaintiff's objections to the Report, wherein he simply rehashes his claims and argues: that Defendants violated his Fourth and Fourteenth Amendment rights; that he was falsely incriminated; that he was framed; that he was racially profiled; that he was discriminated against; and that he was falsely arrested. (ECF No. 12 at 1-4.) Importantly, however, nowhere in his objections does Plaintiff respond to the Magistrate Judge's legal findings, or otherwise show how he can proceed under § 1983 against the named Defendants, who are all private individuals and were not acting under color of state law. Additionally, Plaintiff does not dispute any of the Magistrate Judge's analysis of the *Younger* abstention doctrine. Nor does the Court find that Plaintiff can cure

any of the identified defects by amending his complaint.

After review, the Court finds Plaintiff's objections entirely unavailing, and the Court agrees with the Magistrate Judge that this action is subject to summary dismissal for the specific reasons set forth in the Report. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 6) is adopted and incorporated herein; Plaintiff's objections (ECF No. 12) are overruled; and this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 22, 2023
Charleston, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.